**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MADELYN AYENDE<br>829 Roosevelt Avenue<br>York, PA 17404<br><br>Plaintiff<br><br>v.<br><br>LOWE'S COMPANIES, INC.<br>100 Lowe's Boulevard<br>Mooresville, NC 28117<br><br>and<br><br>ZEP, INC.<br>600 Galleria Parkway, SE, Suite 1500<br>Atlanta, GA 30339<br><br>Defendants | CIVIL ACTION – LAW<br>No. ________________<br><br>Demand for Jury Trial |

**Civil Action Complaint**

1. Plaintiff, Madelyn Ayende (hereinafter referred to as "Plaintiff"), is an adult individual who resides at the above-captioned address in York County, Pennsylvania.

2. Defendant, Lowe's Companies, Inc. (hereinafter referred to as "Defendant Lowe's"), is an incorporated or unincorporated association with an office and principal place of business at the above-captioned address in the state of North Carolina.

3. Defendant, Zep, Inc., (hereinafter referred to as "Defendant Zep," and collectively with "Defendant Lowe's" as "Defendants"), is an incorporated or unincorporated association with an office and principal place of business at the above-captioned address in the state of Georgia.

4. Plaintiff is not from the same state as any of the Defendants, and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

Therefore, jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 and based upon complete diversity of citizenship among the parties under 28 U.S.C. §1332.

5. At all times relevant hereto, Defendant Lowe's owned, leased, possessed, operated, managed, maintained, controlled, directed and/or supervised the "Lowe's" home improvement retail store located at 1175 Carlisle Road, York, York County, Pennsylvania (hereinafter referred to as the "Lowe's Store"), and all aspects of its operations.

6. At all times relevant hereto, Defendant Zep was and continues to be in the business of consumer products and supply chain management, including designing, manufacturing, packaging, labeling, distributing and handling consumer products, including a Zep brand, sulfuric acid drain opener, in a plastic bottle-like container (hereinafter referred to as the "Defendants' drain opener" and/or "the product").

7. At all times relevant to this matter, Defendant Lowe's acted as a marketer, seller, distributor, and/or facilitator in the chain of commerce for consumer products, including Defendants' drain opener, to individuals around the globe, including Plaintiff in the Commonwealth of Pennsylvania.

8. At all times relevant to this matter, Defendant's Lowe's exercised significant control over the sale of the Defendants' drain opener by displaying the product to consumers at the Lowe's Store, setting the terms of sale, and receiving payments directly from a purchaser.

9. At all times relevant hereto, Defendants acted and/or failed to act individually, jointly, and/or severally, and directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, contractors, subcontractors, workmen, and/or employees, all in the course and scope of such relationship.

10. At all times relevant to this matter, Defendants' had a duty to ensure that any consumer products placed into the stream of commerce for purchase by consumers was safe for display, handling and purchase, including Defendants' drain opener.

11. At all times relevant hereto, Plaintiff was a patron and business invitee of the Lowe's Store to whom Defendants' owed the highest duty of care.

12. On November 5, 2024, at approximately 4:30 p.m., after a Lowe's employee handed a bottle of Defendants' drain opener to Plaintiff upon her request, suddenly and without warning, liquid leaked from the bottle, causing Plaintiff to sustain excruciating burns to her arm and leg, and damage to her clothing.

13. Subsequently, the Lowe's employee sought to obtain two replacement bottles and observed that those bottles also contained leaks of the caustic liquid.

14. At the time of the incident, and upon information and belief, Defendants' drain opener was in the same condition as when it was manufactured, packaged, labeled, and distributed by Defendant Zep to Defendant Lowe's.

15. At the time of the incident, and upon information and belief, Defendants' drain opener was in the same condition as when it was marketed, displayed and distributed as merchandise for sale by Defendant Lowe's for customers such as Plaintiff.

16. The leaking bottle of Defendants' drain opener was an unreasonably dangerous and defective product, that was unfit for safe contact and handling by consumers such as Plaintiff.

17. Plaintiff did not cause or contribute to the defective leaking bottle, and/or the subject incident giving rise to Plaintiff's injuries.

18. Defendants' individual, joint and/or several negligence and carelessness was the direct and proximate cause of the defective product, subject incident, and Plaintiff's resulting

injuries.

19. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the defective product and subject incident, Plaintiff suffered and/or may in the future continue to suffer severe and potentially permanent bodily injuries, severe physical pain, emotional distress, anxiety, depression, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and permanent scarring.

20. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the defective product and subject incident, and Plaintiff's injuries, Plaintiff has been and in the future may be required to undergo reasonable and necessary medical care and treatment for her injuries.

21. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the defective product and subject incident, and Plaintiff's injuries, Plaintiff has incurred and/or may in the future incur medical expenses for the care and treatment of her injuries.

22. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the defective product and subject incident, and Plaintiff's injuries, Plaintiff has been and/or may in the future be hindered and/or prevented from fully performing her usual and customary duties, hobbies and activities.

23. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the defective product and subject incident, and Plaintiff's injuries, Plaintiff has been and/or may in the future may be required to incur expenses for household help and personal care.

**COUNT I – Strict Liability**
**Madelyn Ayende v. Zep, Inc.**

24. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

25. At all times relevant hereto, Defendant was engaged in the business of marketing, selling, packaging, labeling, inspecting, supplying, delivering and placing into the stream of commerce household products, including plastic bottles of sulfuric acid drain openers.

26. The leaking bottle of Defendants' drain opener was in an unreasonably dangerous and defective condition, that was unfit for safe contact and handling.

27. The defective condition of the product existed at the time that the product left control of Defendant, and that it was made available for purchase and delivered to Plaintiff.

28. The product reached its end user, the Plaintiff, without substantial change in its condition.

29. Plaintiff handled the product in a reasonably foreseeable manner.

30. The product packaging contained a design and/or manufacturing defect.

31. The product packaging contained inadequate warnings and instructions.

32. As a direct and proximate result of the unreasonably dangerous and defective leaking bottle of Defendants' drain opener, Plaintiff was caused to sustain injuries.

33. At all times relevant hereto, Defendant profited from the introduction of the defective product into the stream of commerce.

34. Defendant, individually, jointly and severally, is strictly liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor, and against Defendant Zep, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Court may deem appropriate.

**COUNT II – Strict Liability**
**Madelyn Ayende v. Lowe's Companies, Inc.**

35. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

36. The leaking bottle of Defendants' drain opener was in an unreasonably dangerous and defective condition, and was unfit for safe contact and handling, at the time that it was made available for purchase by Defendant and delivered to Plaintiff.

37. The product reached its end user, the Plaintiff, without substantial change in its condition.

38. Plaintiff handled the product in a reasonably foreseeable manner.

39. The product packaging contained a design and/or manufacturing defect

40. The product packaging contained inadequate warnings and instructions.

41. At all times relevant hereto, Defendant was engaged in the business of marketing, selling, inspecting, displaying, supplying, delivering and placing into the stream of commerce household products, including plastic bottles of sulfuric acid drain openers.

42. As a direct and proximate result of the unreasonably dangerous and defective leaking bottle of Defendants' drain opener, Plaintiff was caused to sustain injuries.

43. At all times relevant hereto, Defendant profited from the introduction of the defective product into the stream of commerce

44. Defendant, individually, jointly and severally, is strictly liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor, and against Defendant Lowe's Companies, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Court may deem appropriate.

**COUNT III - Negligence**
**Madelyn Ayende v. Zep, Inc.**

45. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

46. The individual, joint and/or several negligence and carelessness of Defendant included:

a. Designed the product with a defect that allowed for leaking from the packaging;

b. Manufactured the product with a defect that allowed for leaking from the packaging;

c. Failed to provide adequate labels and/or warnings regarding the potential for leaking from the packaging, especially given its caustic nature;

d. Failed to conduct adequate testing or quality control to identify potential and/or actual leaking from the packaging;

e. Used defective or substandard materials in the manufacturing of the product and its packaging;

f. Failed to properly inspect the safety of the product and its packaging prior to placing it in the stream of commerce and distributing it to retailers, such as Defendant Lowe's;

g. Failed to establish, implement and enforce adequate corporate safety standards, protocols, policies and procedures governing the design, manufacturing, packaging, labeling, inspection and distribution of consumer products to ensure the safe contact and handling by consumers;

h. Failed to establish, implement and enforce adequate corporate safety standards, protocols, policies and procedures governing the prevention, detection, identification, inspection and remediation of defects in consumer products made available for purchase and distributed to consumers;

i. Failed to provide adequate training and supervision on corporate safety standards, protocols, policies and procedures governing the design, manufacturing, packaging, labeling, inspection and distribution of consumer products to ensure the safe contact and handling by consumers;

j. Failed to provide adequate training and supervision on corporate safety standards, protocols, policies and procedures governing the prevention, detection, identification, inspection and remediation of defects in consumer products made available for purchase and distributed to consumers;

k. Failed to properly monitor compliance with corporate safety standards, protocols, policies and procedures governing the design, manufacturing, packaging, labeling, inspection and distribution of consumer products to ensure the safe contact and handling by consumers;

l. Failed to properly monitor compliance with corporate safety standards, protocols, policies and procedures governing the prevention, detection, identification, inspection and remediation of defects in consumer products made available for purchase and distributed to consumers;

m. Failed to require and obtain proper verification that the product was safe for contact and handling by consumers prior to making it available for purchase and distribution;

n. Allowing the defective product to be distributed to, and handled by, consumers such as Plaintiff, while in a defective condition; and

o. Failed to properly safeguard the safety and wellbeing of its customers who handled products made available for purchase, such as Defendants' drain opener.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor, and against Defendant Zep, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Court may deem appropriate.

**COUNT IV - Negligence**
**Madelyn Ayende v. Lowe's Companies, Inc.**

47. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

48. The individual, joint and/or several negligence and carelessness of Defendant included:

a. Failed to provide adequate labels and/or warnings regarding the potential for leaking from the packaging, especially given its caustic nature;

b. Failed to conduct adequate testing or quality control to identify potential and/or actual leaking from the packaging;

c. Failed to properly inspect the safety of the product and its packaging prior to placing it in the stream of commerce, and making it available for purchase and distribution to consumers, such as Plaintiff;

d. Failed to establish, implement and enforce adequate corporate safety standards, protocols, policies and procedures governing the labeling, warning, inspection and distribution of consumer products to ensure the safe contact and handling by consumers;

e. Failed to establish, implement and enforce adequate corporate safety standards, protocols, policies and procedures governing the prevention, detection, identification, inspection and remediation of defects in consumer products made available for purchase and distributed to consumers;

f. Failed to provide adequate training and supervision on corporate safety standards, protocols, policies and procedures governing the design, manufacturing, packaging, labeling, inspection and distribution of consumer products to ensure the safe contact and handling by consumers;

g. Failed to provide adequate training and supervision on corporate safety standards, protocols, policies and procedures governing the prevention, detection, identification, inspection and remediation of defects in consumer products made available for purchase and distributed to consumers;

h. Failed to properly monitor compliance with corporate safety standards, protocols, policies and procedures governing the design, manufacturing, packaging, labeling, inspection and distribution of consumer products to ensure the safe contact and handling by consumers;

i. Failed to properly monitor compliance with corporate safety standards, protocols, policies and procedures governing the prevention, detection, identification, inspection and remediation of defects in consumer products made available for purchase and distributed to consumers;

j. Failed to require and obtain proper verification that the product was safe for contact and handling by consumers prior to making it available for purchase and distribution;

k. Allowing the defective product to be distributed to, and handled by, consumers such as Plaintiff, while in a defective condition; and

l. Failed to properly safeguard the safety and wellbeing of its customers who handled products made available for purchase, such as Defendants' drain opener.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor, and against Defendant Lowe's Companies, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Court may deem appropriate.

**OSTROFF | GODSHALL - Injury and Accident Lawyers**

Dated: 8/20/2026 By: /s/ Erin Pine

Erin Pine, Esq.
PA Attorney ID No. 333080
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610) 279-7000
epine@oglaw.com
*Attorney for Plaintiff*